UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**Crest Cadillac Oldsmobile, Inc., a New York corporation,**

                                **Plaintiff,**

              **-v-**                                 **5:05-CV-00051**

**General Motors Corporation, a Delaware corporation,**

                                **Defendant.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

Myers & Fuller, P.A.
W. Douglas Moody, Esq., of Counsel
Richard N. Sox, Jr., Esq., of Counsel
2822 Remington Green Circle
P.O. Box 14497
Tallahassee, Florida 32308
and
Kowalczyk, Tolles, Deery & Hilton, L.L.P.
Robert K. Hilton, III , Esq., of Counsel
185 Genesee Street, 12th Floor
Utica, New York 13501
Attorneys for Plaintiff

Harter, Secrest & Emery, L.L.P.
Carol E. Heckman, Esq., of Counsel
John G. Horn, Esq., of Counsel
12 Fountain Plaza, Suite 400
Buffalo, New York 14202-2293
and
Kirkland & Ellis, L.L.P.
Mark S. Lillie, Esq., of Counsel
P. Reneé Wicklund, Esq., of Counsel
200 East Randolph Drive
Chicago, Illinois 60601
Attorneys for Defendant

**Hon. Norman A. Mordue, D.J.:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

     This diversity action by plaintiff Crest Cadillac Oldsmobile, Inc., an automobile

dealership, stems from the decision by defendant automobile manufacturer General Motors

Corporation, to discontinue the Oldsmobile line-make [1] of automobiles. Plaintiff claims that defendant's decision constitutes a breach of the Oldsmobile Dealer Sales and Service Agreement ("Agreement") between the parties and otherwise violates the law.

Defendant moves to dismiss the action on the ground that the complaint fails to state a cause of action. *See* Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, defendant's motion to dismiss the complaint is granted insofar as it seeks dismissal of the third, fourth, fifth, sixth and seventh causes of action, and denied with respect to the first, second and eighth causes of action.

## BACKGROUND

For a number of years plaintiff has operated Oldsmobile and Cadillac franchises. According to plaintiff, each franchise depends on the other to create a volume of sales necessary to ensure plaintiff's economic viability. The current Agreement between the parties pertaining to the Oldsmobile franchise was effective November 1, 2000, and had an expiration date of October 31, 2005. By memo dated December 12, 2000, defendant announced "a phase-out of the Oldsmobile Division and its products over the next several years." Defendant ceased manufacturing Oldsmobiles by May 2004. By letter dated October 27, 2004, defendant notified all Oldsmobile dealers that defendant would not renew the Agreements.

In its complaint, filed on January 19, 2005, plaintiff claims that defendant has destroyed the value and transferability of plaintiff's Oldsmobile franchise and that as a result of defendant's conduct, plaintiff has "lost the complete value of its Oldsmobile franchise, lost any right it had to the renewal of its franchise agreement and will shortly have no Oldsmobile product to sell." Plaintiff further claims that at all times prior to the December 12, 2000 memo, defendant "represented that the longevity of the Oldsmobile line-make was assured for the immediate

---

[1] The Glossary to the parties' Dealer Sales and Service Agreement defines "line-make" in pertinent part as "[a] brand of General Motors Motor Vehicles"; such brands include Oldsmobile Motor Vehicles and Cadillac Motor Vehicles.

future" and that in reliance on these representations, plaintiff continued to invest in the franchise. According to plaintiff, these representations were false when made because defendant was already planning to terminate the Oldsmobile line-make. Plaintiff further contends that, although the Agreement sets forth specific provisions relative to its termination, none of those provisions authorizes termination in the circumstances of this case. Moreover, plaintiff contends that under New York law, franchise agreements are "perpetual" and can only be terminated by the manufacturer for good cause.

The complaint sets forth the following causes of action:

1. Violation of section 463 of New York Vehicle and Traffic Law;
2. Breach of contract;
3. Negligent misrepresentation;
4. Fraud;
5. Breach of fiduciary duty;
6. Unjust enrichment;
7. Negligence; and
8. Breach of implied covenant of good faith and fair dealing.

Defendant moves to dismiss the complaint pursuant to section 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief may be granted. Defendant summarizes its position as follows:

> First, the Dealer Agreement continues in effect. Second, Crest fails to identify any portion of the Dealer Agreement that has been breached. Third, the existence of the valid Dealer Agreement precludes Crest's quasi-contract theories such as unjust enrichment and implied covenant. Fourth, Crest's "fiduciary duty" claim is premised on a relationship that does not exist; as a matter of law, automobile manufacturers and dealers do not share a fiduciary relationship.

In addressing this motion, the Court reads the complaint generously, accepting the truth of and drawing all reasonable inferences from all well-pleaded factual allegations. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). Dismissal is proper only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle it to relief. *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994). The parties agree that, except for the claim based on New York statutory law, which applies to all franchises within the state, the claims are governed

-3-

by Michigan law as required by the Agreement.

## DISCUSSION

**First cause of action: Violation of section 463 of New York Vehicle and Traffic Law**

New York's Franchised Motor Vehicle Dealer Act, New York Vehicle and Traffic Law Article 17-A, provides in section 463 that it shall be unlawful for any franchisor "[t]o terminate, cancel or refuse to renew the franchise of any franchised motor vehicle dealer except for due cause, regardless of the terms of the franchise." N.Y. Veh. & T. Law, § 463(2)(d)(1). Plaintiff claims that defendant's conduct amounts to a constructive termination of, or failure to renew, plaintiff's franchise without due cause. Plaintiff relies on *Glick v. General Motors*, 865 F.2d 494 (2d Cir. 1989), and *Robert Basil Motors, Inc. v. General Motors Corp.*, 2004 WL 1125164 (W.D.N.Y. 2004). These cases support plaintiff's contention that it may properly pursue a claim under section 463 alleging constructive termination or non-renewal of its Oldsmobile franchise by virtue of defendant's discontinuation of the Oldsmobile line-make. They leave unresolved the question of whether such termination or non-renewal is with or without cause.

Accordingly, it cannot be said that it appears beyond doubt that plaintiff can prove no set of facts which would entitle it to relief on its claim under section 463(2)(d)(1). Moreover, it does not appear that the claim is subject to dismissal on the ground of untimeliness; the claim was asserted less than three months after the October 27, 2004 notice. *See* N.Y. Veh. & T. Law, § 463(2)(e).

**Second cause of action: Breach of contract**

In the second cause of action, plaintiff contends that defendant has breached terms and conditions of the Agreement requiring defendant to do the following: to continue to comply with all provisions of the contract, including the obligation to provide a reasonable supply of products, through the five year initial term thereof; to renew the Agreement at the expiration date if the dealer has fulfilled its obligations thereunder; to afford to each dealer the opportunity to achieve a

-4-

reasonable return on its investment if it fulfilled its obligations under the Agreement; to provide a supply of motor vehicles by series in reasonable quantities; and, because New York's franchise law treats it as perpetual in nature, to maintain the Agreement in full force and effect indefinitely unless terminated pursuant to the termination provisions of the Agreement or as allowable under New York law.  Plaintiff claims that it has complied with the Agreement in all material respects. Plaintiff further claims that defendant has repudiated the renewal provisions of the Agreement; that defendant has sought to terminate the Agreement on grounds not authorized by the Agreement; and that defendant has failed to provide a reasonable supply of motor vehicles as required by the Agreement.

The Court finds that the second cause of action states a claim for breach of contract sufficient to withstand dismissal.  For example, plaintiff arguably may pursue a claim for anticipatory repudiation stemming from the December 12, 2000 memo or the October 27, 2004 notice. [2]  Moreover, plaintiff alleges that, prior to the date of the complaint, defendant breached its obligations under the Agreement by, for example, failing to provide a reasonable supply of motor vehicles.  It cannot be said at this point in the litigation that there is no basis upon which relief may be granted on this cause of action.

**Third, fourth and seventh causes of action: Negligent misrepresentation, fraud and negligence**

Plaintiff's claims of negligent misrepresentation, fraud and negligence are based on allegations that, intentionally or negligently, defendant made false extra-contractual representations upon which plaintiff reasonably relied, *i.e.*, representations that defendant would provide a supply of motor vehicles in reasonable quantities, that the future of the Oldsmobile line-make was assured, and that defendant had no intention of discontinuing the Oldsmobile line-

---

[2] The Court notes that the contractual expiration date of October 31, 2005, has now passed; plaintiff may wish to amend its pleading accordingly.

make. The Agreement, however, at paragraph 17.11, states that, except as provided therein, defendant "has made no promises" to plaintiff and "there are no other agreements or understandings, either oral or written, between the parties affecting this Agreement or relating to any of the subject matters covered by this Agreement." It further provides that the Agreement "cancels and supersedes all previous agreements between the parties that relate to any matters covered herein[.]"

The Court agrees with defendant that as a matter of law the contractual integration clause bars all claims based on alleged promises by defendant or understandings between the parties relating to the franchise arrangement between the parties. *See UAW-GM Human Resource Ctr. v. KSL Recreation Corp.*, 579 N.W.2d 411 (1998); *Robert Basil Motors*, 2004 WL 1125164 at * 7-*9. There is no allegation in the complaint that would support an exception to this application of well-established law. Nor do plaintiff's papers on this motion suggest any reason why the integration clause should not be given effect. These causes of action fail to state claims upon which relief may be granted.

**Fifth cause of action: Breach of fiduciary duty**

There is no basis in Michigan law to find the existence of a fiduciary relationship between the parties. *See Robert Basil Motors*, 2004 WL 1125164 at * 9, *and cases cited therein*. Moreover, the Agreement expressly precludes such a relationship. This cause of action fails to state a claim upon which relief may be granted.

**Sixth cause of action: Unjust enrichment**

Under Michigan law, a claim for unjust enrichment cannot stand where the underlying conduct is covered by an express contract. *See id.* at *9-*10; *Martin v. East Lansing School Dist*., 483 N.W.2d 656, 661 (Mich.App. 1992). Here, the conduct of which plaintiff complains is governed by the Agreement; accordingly, this claim is dismissed.

**Eighth cause of action: Breach of implied covenant of good faith and fair dealing**

Michigan law does not ordinarily recognize an independent cause of action for breach of an implied covenant of good faith and fair dealing. *See Belle Isle Grill Corp. v. Detroit*, 666 N.W.2d 271, 279-80 (Mich.App. 2003). Where, however, "a party to a contract makes the manner of its performance a matter of its own discretion, the law does not hesitate to imply the proviso that such discretion be exercised honestly and in good faith." *Burkhardt v. City Nat. Bank of Detroit*, 226 N.W.2d 678, 680 (Mich.App. 1975). In some material respects, the Agreement does authorize defendant to perform within its own discretion; accordingly, it cannot be said that it appears beyond doubt that plaintiff can prove no set of facts which would entitle it to relief on this claim.

## CONCLUSION

It is therefore

ORDERED that defendant's motion to dismiss the complaint is granted insofar as it seeks dismissal of the third, fourth, fifth, sixth and seventh causes of action, and denied with respect to the first, second and eighth causes of action.

IT IS SO ORDERED.

December 30, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge